```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF INDIANA
                     FORT WAYNE DIVISION
```

MICHAEL D. STEVENSON,           )
                                )
Petitioner,                     )
                                )
vs.                             )    CAUSE NO. 1:13-CV-118
                                )
SUPERINTENDENT,                 )
                                )
Respondent.                     )

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Michael D. Stevenson, a *pro se* prisoner, on April 17, 2013. For the reasons set forth below, the court **DISMISSES** this habeas corpus petition because it is untimely and **DENIES** a certificate of appealability.

BACKGROUND

Michael D. Stevenson is challenging his conviction on multiple counts and 21 year sentence by the Allen Superior Court under cause number 02D04-0509-FB-129 on September 6, 2006. Stevenson plead guilty and did not file a direct appeal. On May 14, 2007, he initiated a proceeding in the Allen Superior Court challenging this conviction and sentence. That proceeding was dismissed on May 17, 2007, and he did not appeal. On August 20, 2007, he filed a post-

conviction relief petition which was denied on September 6, 2007. He did not appeal the denial of that petition either.

DISCUSSION

Pursuant to 2254 Habeas Corpus Rule 4, the Court must review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .." Because this petition is untimely, it must be dismissed.

Habeas Corpus petitions are subject to a strict one year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with

      respect to the pertinent judgment or claim is pending
      shall not be counted toward any period of limitation
      under this subsection.

28 U.S.C. § 2244(d).

    Question 16 on the habeas corpus form asked Stevenson to explain why the petition was timely. In response he wrote, "The provisions of 28 USC §2244(d) does not apply to the Petitioner because the USC only applies to United States citizens and the Petitioner in not by law a United States citizen but a National." This is incorrect. "Section 2244(d) sets the timing rules for all petitions." *Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005). Therefore it is irrelevant whether Stevenson is a United States Citizen. All that matters is he is a prisoner attempting to challenge a State court conviction with a habeas corpus petition pursuant to 28 U.S.C. § 2254. Because he is, the 1-year period of limitation set forth in 28 U.S.C. § 2244(d) is applicable to him, his habeas corpus petition, and this case.

    The statute provides four possible dates from which the limitation period begins to run. Nothing in this petition indicates that state action prevented Stevenson from filing this habeas corpus petition sooner. Therefore § 2244(d)(1)(B) is inapplicable. So too, nothing indicates that the petition is based on a newly recognized Constitutional right nor newly discovered evidence.

3

Therefore §§ 2244(d)(1)(C) and (D) are also inapplicable.[1] Thus, pursuant to § 2244(d)(1)(A), the 1-year period of limitation began when the judgment became final upon the expiration of the time for seeking direct review.

Here, Stevenson was sentenced on September 6, 2006. He did not take a direct appeal and the deadline for doing so expired on October 6, 2006. *See* Indiana Rules of Appellate Procedure 9.A.(1). Thus the first day of the 1-year period of limitation began on October 7, 2006. When Stevenson initiated a collateral attack in State court on May 14, 2007, that tolled the 1-year period of limitation, but by that time, 219 days had elapsed – leaving only 146 days. The 1 year clock began again when that proceeding ended on May 17, 2007. It was tolled again when he filed a post-conviction relief petition on August 20, 2007, but by that time, 94 more days had elapsed – a total of 313 days – leaving only 52 days when the clock began again upon the dismissal of the post-conviction relief petition on September 6, 2007. Nothing else tolled the 1 year clock which expired on October 28, 2007. Because that was a Sunday, he had until October 29, 2007, to file a habeas corpus petition. *See* Federal Rule of Civil Procedure 6(a)(1)(C).

---

[1] For each ground raised (except for Ground 6 for which he provides no explanation), Stevenson states that the reason that it was not presented to the Indiana Supreme Court was because "The Petitioner was not knowledgeable of the information at the time." (DE 1 at 3-7) This is merely an assertion that Stevenson did not have personal knowledge of the relevant facts or that he did not understand the legal implications of them. However, the Seventh Circuit has made clear that the time runs from the date when the evidence could have been discovered through diligent inquiry, not when it was actually discovered or when its significance was realized. *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001).

However this petition was not signed until nearly five and a half years later on April 11, 2013. Therefore it is untimely and must be dismissed.

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* As previously explained, this petition is untimely. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

CONCLUSION

For the reasons set forth above, the court **DISMISSES** this habeas corpus petition because it is untimely and **DENIES** a certificate of appealability.

DATED: May 20, 2013                    /s/RUDY LOZANO, Judge
                                       United State District Court

5